DUMMER R. CHAPMAN & others *vs.* BARNABAS EDMANDS.

Flats are not included in a description of land bounding on a salt water " creek betwixt said land and land of J. L."

For the purpose of showing the true boundary line of land, declarations of one who formerly owned it in trust, and an ancient plan coming from his predecessor and delivered by him as correct, are admissible, against those who claim under him.

WRIT OF ENTRY to recover a piece of flats lying in a cove in Charlestown.

At the trial in the superior court, before *Brigham,* J., the demandants claimed under an indenture of partition dated February 16, 1716, in which the land to which the demanded premises were claimed to be appurtenant was set off to Richard Miller, and described, on the side adjoining the premises, as bounded on " a small creek betwixt said land and land of Joseph Lynde, Esquire, southeasterly." The tide ebbed and flowed in the creek, leaving the flats bare in low water.

An old plan of the premises found in the possession of Jonathan Chapman, under whom the demandants claim, was put into the case, showing, as the tenant contended, that the land to which the demanded premises were claimed to be appurtenant was bounded upon a creek or cove which was fully delineated thereon. It also appeared that Chapman died in 1840, devising the land to Jonathan Chapman, Jr. and Ozias Goodwin, in trust for purposes specified in his will; and the tenant introduced evidence, under objection, to show that Jonathan Chapman, Jr., while acting as trustee, admitted to him that the ancient plan represented the true boundary of the land, and the location of the creek in question, and gave the plan to him.

The judge instructed the jury " that the demandants, upon a proper construction of the indenture of partition dated February 16, 1716, under which they claimed the demanded premises, were bounded southeasterly by a small creek betwixt said land and land of Joseph Lynde; that being thus bounded by a fixed

and definite boundary, the colony ordinance of 1641 * did not apply to their claim of title; that the burden of proof was upon the demandants to satisfy the jury, by a preponderance of the evidence, that the premises which they seek to recover were within the line of said creek; that in determining where the creek was, they might consider any evidence of acts or declarations of the persons from whom the demandants derive their title, together with the ancient plan, if proved to have been in the possession of such persons, and acted upon and assumed to be a plan indicating the true location of said creek; and also any acts or declarations of Jonathan Chapman, Jr., while acting as trustee under the will of his father."

The jury returned a verdict for the tenant, and the demandants alleged exceptions.

*E. Pearson*, for the demandants.

*L. Marrett*, for the tenant.

BIGELOW, C. J. The instructions given to the jury at the trial of this case were correct.

The description in the indenture of partition bearing date February 16, 1716, clearly excluded the flats comprehended within the limits of the creek, so that they did not pass as appurtenant to the land described by virtue of the provision contained in the colony ordinance of 1641, 1647. Anc. Chart. 158. The boundary is by a creek "betwixt said land and land of Joseph Lynde." This shows that the creek was regarded as separate and distinct from the adjoining land, and was intended

---

* 1647. See 7 Cush. 67. In 1649, the inhabitants of a town in which a parcel of flats had been set apart for the use of the whole town, to be improved for thatching houses, applied to the General Court to know whether, by an order passed by them making all the lands to low water mark to belong to the proprietors of the adjoining land, the order of the town was made void; and it was decided that the order of the town was not made void. 2 Records of Mass. 284. The date of the order of the General Court is not given; but it is doubtless the same ordinance above referred to, and the question put to the General Court would be likely to arise soon after its passage. To this extent, therefore, his record (which was pointed out by Mr. Justice Metcalf) confirms the probability that the ordinance was passed in 1647 instead of 1641.

by the parties as an abuttal by which the extent of the proprietary right in the premises described in the indenture was defined and limited. The peculiar phraseology of the indenture, fixing the boundaries by a creek which is described as lying between the premises set off to the ancestor of the demandants and the owner of the estate on the opposite shore or bank, takes the case out of the rule that an owner of land bounded on the sea or on a creek or cove shall hold to low water mark, and brings it within the exception that, where the boundary is by the shore or flats, the grant is limited to the upland, and the flats do not pass as appurtenant. They are excluded by the terms of the grant. *Storer* v. *Freeman,* 6 Mass. 435.

The evidence of declarations by a former owner of the premises, with whom the demandants are in privity, was rightly admitted. They were statements made in disparagement of title against the interest of the party making them, and contemporaneous with his possession and enjoyment of the premises now owned by the demandants. *Plimpton* v. *Chamberlain,* 4 Gray, 320. *Ware* v. *Brookhouse,* 7 Gray, 454. *Niles* v. *Patch,* 13 Gray, 254, 256. Nor is it any objection to the competency of these declarations, that they were made by a person who held the estate, now owned by the demandants, as trustee. The legal title was vested in him. It was his duty to ascertain and set boundaries to the premises, to protect the title and to prevent any encroachment upon the estate by adverse possession or otherwise. His interest in the estate was coincident with his duty, and any declarations made by him against his interest were clearly admissible. The ancient plan of the premises, which was in the possession of the persons under whom the demandants claim, and which was referred to by them as showing the true boundaries and limits of their estate, was admissible in evidence on the same ground. Bul. N. P. 248. *Bridgman* v. *Jennings,* 1 Ld. Raym. 734. *Exceptions overruled.*